UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: STEVEN D. KOWALSKE and
LINDA KOWALSKE,

        Case No. 08-14774

  Debtors,         Honorable Patrick J. Duggan

_____/     (Bankruptcy No. 08-50195)

CHRISTOPHER J. TRAINOR, CHRISTOPHER J.
TRAINOR, as TRUSTEE for THE
ZACHARY TRAINOR REVOCABLE TRUST,
ANGIE TRAINOR, and ANGIE TRAINOR, as
TRUSTEE for THE ASHLEY TRAINOR
REVOCABLE TRUST,

  Plaintiffs/Appellants,

v.

STEVEN D. KOWALSKE and LINDA L. KOWALSKE,

  Defendants/Appellees
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 16, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. Plaintiffs-Appellants appeal Bankruptcy Court Judge Walter Shapero's October 30, 2008 denial of their Motion for Relief from the Automatic Stay. Appellants are Christopher J. Trainor, Christopher J. Trainor as

Trustee for The Zachary Trainor Revocable Trust, Angie Trainor; and Angie Trainor as Trustee for The Ashley Trainor Revocable Trust ("Appellants").

## I.   Standard of Review

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998) (citing Fed. R. Bankr. P. 8013). The bankruptcy court's conclusions of law are reviewed de novo. *WesBanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Serv. Inc.*), 106 F.3d 1255, 1259 (6th Cir. 1997).

## II.   Factual and Procedural Background

On April 28, 2008, Steven and Linda Kowalske ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan. Pursuant to 11 U.S.C. § 362(a)(1), the petition automatically stayed the commencement or continuation of all proceedings against the debtors, subject to the exceptions provided in subsection (b) of the section. On August 4, 2008, the Appellants intervened in the Chapter 7 proceedings by filing their Motion for Relief from the Automatic Stay. Appellants sought to have the stay lifted so they could file a malpractice action to establish debtor Steven Kowalske's ("Mr. Kowalske") liability for purposes of collecting a judgment from his errors and omissions liability insurer.

Appellants alleged that they received negligent investment advice and other faulty investment services from Mr. Kowalske.

On August 11, 2008, while Appellants' motion was still pending, Judge Shapero entered an order discharging the Debtors. The discharge, in effect, discontinued the automatic stay. 11 U.S.C. § 362(c)(2)(C). Therefore, on October 30, 2008, Judge Shapero denied the Appellants' motion for relief from the stay as moot. Appellants thereafter filed the pending appeal.

## III.     Argument and Analysis

In this appeal, Appellants allege that the bankruptcy court erred in denying their motion for relief from the stay. This issue is moot, however. Prior to the denial of Appellants' motion, the bankruptcy court discharged the Debtors. The discharge extinguished the stay and replaced it with a permanent injunction. *See* 11 U.S.C. §§ 362(c)(2)(C), 524(a)(2). The Bankruptcy Code provides that the court *must* grant the debtor a discharge, unless an enumerated ground for not discharging the debtor exists. *See* 11 U.S.C. § 727(a). A pending motion for relief from an automatic stay is not a listed ground. *See id*.

In their reply brief, Appellants focus on 11 U.S.C. § 524(e), which offers an exception to the permanent injunction established pursuant to 11 U.S.C. § 524(a)(2). Appellants contend that the exception allows them to proceed with their claim against Mr. Kowalske for purposes of reaching his liability insurer, regardless of the fact that the Debtors have been discharged and the permanent injunction has been issued.

"Numerous courts, confronted with a tort claimant who seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer, have relied on §§ 524(a) and 524(e) and the fresh start policy in concluding that the discharge injunction does not bar such a suit." *Green v. Welsh*, 956 F.2d 30, 33 (2nd Cir. 1992) (cases cited therein). In the bankruptcy court, however, Appellants never raised the issue of whether the permanent injunction bars them from pursuing their action against Mr. Kowalske under § 524(a) or whether the action falls within the exception to the injunction set forth in § 524(e). They only sought relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2). Because the bankruptcy court has never been presented with the issue of whether the permanent injunction bars Appellants' lawsuit for the purpose of recovering from Mr. Kowalske's insurer, this Court does not believe that it should resolve this issue in the first instance.

**IV.    Conclusion**

For the above reasons, the Court holds that Judge Shapero did not err in concluding that Appellants' Motion for Relief from the Automatic Stay was moot. Additionally, the Court holds that whether the permanent injunction bars Appellants' action against Mr. Kowalske for purposes of recovering against his insurer should first be presented to and decided by the bankruptcy court.

Accordingly,

**IT IS ORDERED**, that the bankruptcy court's October 30, 2008 decision denying Appellants' Motion for Relief from the Automatic Stay is **AFFIRMED**.

                                                                  <u>s/PATRICK J. DUGGAN</u>
                                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Vincent M. Farougi, Esq.
Donald C. Wilson, Esq.
Nathaniel H. Herdt, Esq.
Wendy Turner Lewis, Esq.
Hon. Walter Shapero